## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **RICHARD KELLER and DAVID SHANE WAITES, individually and on behalf of all persons similarly situated,** | : : : : : | **Civil Action No.:** <br><br> **Complaint— Class and Collective Action** |
| **Plaintiffs,** | : : | **Jury Trial Demanded** |
| **v.** | : : | **ELECTRONICALLY FILED** |
| **WEATHERFORD INTERNATIONAL, LLC F/K/A WEATHERFORD INTERNATIONAL, INC. and PRECISION ENERGY SERVICES, INC.,** | : : : : : : | |
| **Defendants.** | : : | |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Richard Keller and David Shane Waites ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendants Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") and Precision Energy Services, Inc. ("Precision") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and Pennsylvania law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff

Keller's state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  Plaintiff Keller is a resident of this judicial district, Plaintiff Keller performed work in this judicial district, and Weatherford and Precision do business within this judicial district.

## PARTIES

4.      Plaintiff Richard Keller is an individual currently residing in Aliquippa, Pennsylvania.  Plaintiff Keller was employed by Defendants Weatherford International, LLC f/k/a Weatherford International, Inc. and Precision Energy Services, Inc., as a Directional Driller ("DD"), performing manual labor on oil and gas rigs in Pennsylvania from November 2011 through March 2013.  Plaintiff Keller's written consent to be a Plaintiff in this action is attached hereto as Exhibit A.

5.      Plaintiff David Shane Waites is currently employed by Defendant Weatherford International, LLC f/k/a Weatherford International, Inc. as a Completions Field Engineer, performing manual labor on oil and gas rigs in Texas.  He has been employed by Weatherford from 2008 through the present, and he has worked as a Completions Field Engineer during the relevant time period.  Plaintiff Waites' written consent to be a Plaintiff in this action is attached hereto as Exhibit B.

6.      Defendant Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") is a subsidiary of Weatherford International, Ltd.  Weatherford International, Inc. was incorporated in Delaware.  Effective March 31, 2013, Weatherford International, Inc. converted its corporate form from a Delaware corporation to a Delaware limited liability company, and changed its name to Weatherford International, LLC.

7.      Weatherford International, LLC currently maintains its corporate headquarters in

Houston, Texas.  Weatherford provides equipment and services used in the drilling, evaluation, completion, production, and intervention of oil and natural gas wells worldwide.  Weatherford also offers drilling services, rotary steerable systems, directional drilling services, controlled pressure drilling, managed pressure drilling, under balanced drilling, air drilling, well testing, drilling-with-casing and drilling-with-liner systems, and surface logging systems.  Weatherford serves exploration, production, and transmission sectors of the oil and natural gas industry.

8.      Defendant Precision Energy Services, Inc. ("Precision") is a wholly owned subsidiary of Weatherford International, Ltd.  Precision Energy Services, Inc. was incorporated in Delaware and maintains its headquarters in Houston, Texas.  On or about June 6, 2005, Weatherford International, Ltd. purchased Precision.

9.      Defendants Weatherford and Precision are joint employers of Plaintiff Keller and similarly situated employees.

10.     Weatherford employed Plaintiffs and has employed and continues to employ similarly situated employees.

11.     Weatherford employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12.     Weatherford's annual gross volume of sales made or business done exceeds $500,000.

13.     Weatherford is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

14.     Precision employed Plaintiff Keller and has employed and continues to employ

similarly situated employees.

15.     Precision employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16.     Precision's annual gross volume of sales made or business done exceeds $500,000.

17.     Precision is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

18.     Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following class of potential opt-in plaintiffs:

> All current and former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") and/or Precision Energy Services, Inc. ("Precision") who have worked in the field and been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in the United States from November 26, 2011 to the present (the "FLSA Class").  The FLSA Class excludes individuals with the job titles of MWD, LWD, or M/LWD, and excludes all employees at the area manager level or above.

19.     In the alternative, Plaintiff Keller brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in plaintiffs:

> All current and former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") and/or Precision Energy Services, Inc. ("Precision") who have worked in the position of Directional Driller ("DD") and been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in the United States from November 26, 2011 to the present (the "FLSA DD Class").

20.     In the alternative, Plaintiff Waites brings Count I of this lawsuit pursuant to the

FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of

potential opt-in plaintiffs:

> All current and former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") who have worked in the position of Completions Field Engineer ("CFE") and been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in the United States from November 26, 2011 to the present (the "FLSA CFE Class").

21.     Plaintiff Keller brings Counts II through IV of this lawsuit as a class action

pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All current and former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") and/or Precision Energy Services, Inc. ("Precision") who have worked in the field and been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in Pennsylvania from November 26, 2010[1] to the present (the "Pennsylvania Class"). The Pennsylvania Class excludes individuals with the job titles of MWD, LWD, or M/LWD, and excludes all employees at the area manager level or above.

22.     In the alternative, Plaintiff Keller brings Counts II through IV of this lawsuit as a

class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following

class:

> All current and former employees of Weatherford International, LLC f/k/a Weatherford International, Inc. ("Weatherford") and/or Precision Energy Services, Inc. ("Precision") who have worked in the position of Directional Driller ("DD") and been paid pursuant to a salary plus day rate (also known as "field bonus" or "field service bonus" or "field job bonus") compensation plan, in Pennsylvania from November 26, 2010 to the present (the "PA DD Class").

23.     The FLSA Class, FLSA DD Class, FLSA CFE Class, Pennsylvania Class, and PA

DD Class are together referred to herein as the "Classes" or "Class Members."

---

[1] The statute of limitations on Plaintiff Keller's unjust enrichment claim under Pennsylvania law is four years.  Accordingly, Count IV of the Complaint goes back to November 26, 2010.

24.     Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), or prior to filing a motion for class certification pursuant to FED. R. CIV. P. 23, and thereafter, as necessary.

## FACTS

25.     Weatherford employs Class Members throughout the United States.

26.     Precision employs Class Members throughout the United States.

27.     From approximately November 2011 through March 2013, Plaintiff Keller was employed as a Directional Driller by Weatherford and Precision in Pennsylvania.

28.     From approximately 2008 through the present, Plaintiff Waites has been employed by Weatherford.  Plaintiff Waites has been employed by Weatherford as a Completions Field Engineer in Texas during the relevant time period.

29.     The rigs on which Plaintiffs and the Classes work are not used as a means of transportation.

30.     Plaintiffs and Class Members are blue collar workers.  They rely on their hands, physical skills, and energy, to perform labor in the oilfield.  Weatherford and Precision require them to have mechanical skills.

31.     In the field, Plaintiffs and the Class Members are primarily engaged in manual labor duties such as handling, operating, monitoring, and maintaining tools and units at rig sites.

32.     Plaintiffs and Class Members exercise little to no discretion in performing their jobs.  Rather, Plaintiffs and Class Members perform duties that are specifically assigned by their supervisors or other officials at the rig sites.

33.     Plaintiffs and Class Members also apply their knowledge of oil and gas drilling to follow prescribed procedures or determine which procedure to follow.

6

34.     Plaintiffs and Class Members have no input as to staffing jobs or setting production goals.  All decisions regarding staffing and production are handled by upper-level managers.

35.     Plaintiffs and Class Members do not manage a customarily recognized department or subdivision of Weatherford or Precision.

36.     Plaintiffs and Class Members do not direct the work of any other full-time employees or their equivalent.

37.     Plaintiffs and Class Members have no discretion to hire or fire employees.  All decisions regarding hiring and firing are handled by upper-level managers.

38.     Plaintiffs and Class Members have no authority to discipline or promote employees.  All decisions regarding discipline or promotions are handled by upper-level managers.

39.     Plaintiffs and Class Members have no authority to enter into agreements or contracts with clients or customers.  All decisions regarding customer agreements or contracts are handled by upper-level managers.

40.     Plaintiffs and Class Members have no independent authority to spend company funds.

41.     Weatherford maintains all authority to control Plaintiffs' and members of the Classes' employment conditions.  As an example of this authority, Weatherford distributed employee handbooks and training materials.

42.     Weatherford is also involved in the day-to-day activities at Plaintiffs' and members of the Classes' work sites.  As an example of this involvement, Weatherford employees lead training sessions and oversee Plaintiffs' and members of the Classes' daily duties.

43.     Plaintiffs and the Classes are classified as non-exempt from the overtime pay mandates of the FLSA and corresponding state wage and hour laws.

44.     Plaintiffs and the Classes are paid a fixed salary per week, regardless of the number of hours worked each week.

45.     In addition, Plaintiffs and the Classes are paid a lump sum for each day they work in the field.  This lump sum is known as a "day rate," "field bonus,"  "field job bonus," or "field service bonus."

46.     Plaintiffs and the Classes are also eligible to receive and do receive additional payments, such as car allowances, bonuses, incentive payments and/or commissions.

47.     Weatherford does not maintain accurate records of the hours that Plaintiffs and the Classes worked each workday and the total hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

48.     Precision does not maintain accurate records of the hours that Plaintiff Keller and the Classes worked each workday and the total hours worked each workweek as required by the FLSA.  *See* 29 C.F.R. § 516.2(a)(7).

49.     Plaintiffs and the Classes routinely work in excess of forty hours per week each week.

50.     Plaintiffs and the Classes do not work a regular fixed number of hours in excess of forty hours each workweek.

51.     Plaintiffs and the Classes did not work the same schedule each week.

52.     Plaintiffs and the Classes did not work the same number of days per week, or the same number of overtime hours (hours over forty) per week.

53.     Plaintiffs estimate that they routinely worked in excess of twelve hours per day

8

during many of their shifts.  Plaintiffs observed that the members of the Classes routinely work similar schedules, which is common in the industry.

54.     Plaintiffs often worked many days in a row, because the rigs require constant work, and this is common in the industry.  Indeed, Plaintiffs often worked between ten and twenty days in a row, and sometimes more.

55.     Neither the day rate nor the salary that Plaintiffs and similarly situated employees were paid take into account the number of hours worked by Plaintiffs and the Classes in a given workweek.

56.     Neither the day rate nor the salary that Plaintiffs and similarly situated employees received are determined with reference to any assigned hourly rate.

57.     Weatherford did not pay Plaintiffs and the Classes overtime compensation for hours worked over forty per workweek.

58.     Precision did not pay Plaintiffs and the Classes overtime compensation for hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, FLSA DD Class, and FLSA CFE Class (collectively, "FLSA Classes"), as defined above.

60.     Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

61.     Plaintiffs and the FLSA Classes are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Weatherford and/or Precision's previously described common business and compensation

9

practices as described herein, and, as a result of such practices, have not been paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Weatherford and/or Precision's common compensation, timekeeping and payroll practices.

62.     Specifically, Weatherford and/or Precision paid Plaintiffs and FLSA Classes a set salary per week, plus a lump sum payment for every day they worked in the field, regardless of the number of hours that Plaintiffs and the FLSA Classes actually worked.

63.     Weatherford and/or Precision paid Plaintiffs and the FLSA Classes these payments, even though Plaintiffs and the FLSA Classes do not work a fixed regular number of hours in excess of forty hours each workweek.

64.     The fixed sum paid to Plaintiffs and the FLSA Classes by Weatherford and/or Precision is not related to any overtime rate calculated from salary payments.

65.     The similarly situated employees are known to Weatherford and/or Precision, are readily identifiable, and can easily be located through Weatherford and/or Precision's business and human resource records.

66.     Weatherford and/or Precision employ many FLSA Class Members throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

67.     Plaintiff Keller brings this action as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3) on behalf of himself and the Pennsylvania Class and PA DD Class (collectively,

10

the "Pennsylvania Classes"), as defined above.

68.    The members of the Pennsylvania Classes are so numerous that joinder of all members is impracticable.  Based on information and belief, the members of the Pennsylvania Classes exceed forty (40) individuals.

69.    Plaintiff Keller will fairly and adequately represent and protect the interests of the Pennsylvania Classes because there is no conflict between the claims of Plaintiff Keller and those of the Pennsylvania Classes, and Plaintiff Keller's claims are typical of the claims of the Pennsylvania Classes.  Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

70.    There are questions of law and fact common to the proposed Pennsylvania Classes which predominate over any questions affecting only individual Class members, including, without limitation: 1) whether Weatherford has violated and continues to violate the laws of Pennsylvania through its policy or practice of not paying its non-exempt employees overtime compensation; 2) whether Precision has violated and continues to violate the laws of Pennsylvania through its policy or practice of not paying its non-exempt employees overtime compensation; 3) whether Weatherford's conduct was willful; 4) whether Precision's conduct was willful; and 5) the nature and extent of relief.

71.    Plaintiff Keller's claims are typical of the claims of the Pennsylvania Classes in the following ways:  1) Plaintiff Keller is a member of the proposed Pennsylvania Class and PA DD Class; 2) Plaintiff Keller's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Classes; 3) Plaintiff Keller's claims are based on the same legal and remedial theories as those of the Pennsylvania Classes and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff

Keller and the members of the Pennsylvania Classes; and 5) the injuries suffered by Plaintiff

Keller are similar to the injuries suffered by members of the Pennsylvania Classes.

72.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions

of law and fact common to the Pennsylvania Classes predominate over any questions affecting

only individual Class members.

73.    Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein.  Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expenses that numerous individual actions

would entail.  No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the

fair and efficient adjudication of this controversy.  The Pennsylvania Classes are readily

identifiable from Weatherford's and/or Precision's business and human resource records.

Prosecution of separate actions by individual members of the Pennsylvania Classes would create

the risk of inconsistent or varying adjudications with respect to individual members of the

Pennsylvania Classes that would establish incompatible standards of conduct for Weatherford

and Precision.

74.    A class action is superior to other available methods for adjudication of this

controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for

many members of the Pennsylvania Classes, while substantial, are not great enough to enable

them to maintain separate suits against Weatherford and Precision.

75.    Without a class action, Weatherford and Precision will likely retain the benefit of

their wrongdoing, which will result in further damages to Plaintiff Keller and the Pennsylvania

Classes.  Plaintiff Keller envisions no difficulty in the management of this action as a class action, and many similar cases have proceeded as class actions without difficulty and have been efficiently resolved.

**COUNT I**
**Violation of the FLSA**
**<u>(On Behalf of the FLSA Classes)</u>**

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he/she is employed.  *See* 29 U.S.C. § 207(a)(1).

78.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek.  *See* 29 C.F.R. § 778.112.

79.     The FLSA also provides that "a lump sum which is paid for work performed during overtime hours without regard to the number of hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis."  29 C.F.R. § 778.310.

80.     Weatherford and/or Precision's compensation scheme applicable to Plaintiffs and the FLSA Classes fails to comply with either 29 U.S.C. § 207(a)(1), 29 C.F.R. § 778.112, or 29 C.F.R. § 778.310.

81.     Weatherford and/or Precision knowingly fail to compensate Plaintiffs and the FLSA Classes at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

82.     During all relevant times, Plaintiffs and the FLSA Classes were covered employees entitled to the above-described FLSA protections.

83.     In violating the FLSA, Weatherford and/or Precision have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf of the Pennsylvania Classes)**

84.     All previous paragraphs are incorporated as though fully set forth herein.

85.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  *See* 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

86.     The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek.  *See* 34 Pa. Code. § 231.43(b).

87.     Weatherford's and/or Precision's compensation scheme applicable to Plaintiff Keller and the Pennsylvania Classes failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code. § 231.43(b).

88.     Weatherford and/or Precision knowingly failed to compensate Plaintiff Keller and the Pennsylvania Classes at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

89.     During all relevant times, Plaintiff Keller and the Pennsylvania Classes were

covered employees entitled to the above-described PMWA protections.

90.     In violating the PMWA, Weatherford and/or Precision acted willfully and with reckless disregard of clearly applicable PMWA provisions.

**COUNT III**
**Violation of the Pennsylvania Wage Payment and Collection Law**
**(On Behalf of the Pennsylvania Classes)**

91.     All previous paragraphs are incorporated as though fully set forth herein.

92.     The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees.  *See* 43 P.S. § 260.3.

93.     Weatherford and/or Precision have intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff Keller and the Pennsylvania Classes, in violation of Pennsylvania Code, 43 P.S. § 260.3.

94.     Weatherford and/or Precision are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff Keller's and the Pennsylvania Classes' wages that concern this lawsuit.

95.     Weatherford and/or Precision do not have written authorization from Plaintiff Keller or any members of the Pennsylvania Classes to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

96.     Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Weatherford and Precision, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

97.     Weatherford and Precision violated Pennsylvania law by failing to pay Plaintiff Keller and the Pennsylvania Classes for all compensable time and by failing to pay Plaintiff

Keller and the Pennsylvania Classes for work time, including overtime, at the established rate.

**COUNT IV**
**Unjust Enrichment Under Pennsylvania Law**
**(On Behalf of the Pennsylvania Classes)**

98.     All previous paragraphs are incorporated as though fully set forth herein.

99.     Weatherford and/or Precision have received and benefited from the uncompensated labors Plaintiff Keller and the Pennsylvania Classes, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

100.     At all relevant times hereto, Weatherford and/or Precision devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Keller and the Pennsylvania Classes without paying overtime compensation for all hours worked.

101.     Contrary to all good faith and fair dealing, Weatherford and/or Precision induced Plaintiff Keller and the Pennsylvania Classes to perform work while failing to pay overtime compensation for all hours worked as required by law.

102.     By reason of having secured the work and efforts of Plaintiff Keller and the Pennsylvania Classes without paying overtime compensation as required by law, Weatherford and/or Precision enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Keller and the Pennsylvania Classes.

103.     Weatherford and/or Precision retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

104.     Plaintiff Keller and the Pennsylvania Classes are entitled to judgment in an amount equal to the benefits unjustly retained by Weatherford and/or Precision.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.  An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Class;

C.  An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

D.  Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.  Liquidated damages to the fullest extent permitted under the law;

F.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  November 26, 2014                    Respectfully submitted,

/s Shanon J. Carson
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra L. Koropey
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
          sschalman-bergen@bm.net
          akoropey@bm.net

David A. Hughes
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
        dhughes@hardinhughes.com

*Attorneys for Plaintiffs*